IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP AND VICTORIA VILLARREAL,<br><br>        Plaintiffs,<br><br>    v.<br><br>ONEWEST BANK, FSB, REGIONAL SERVICES TRUSTEE CORPORATION, and DOES 1-50, Inclusive,<br><br>        Defendants. | 2:10-cv-00781-GEB-KJM<br><br><u>ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER FOR FAILURE TO COMPLY WITH NOTICE RULES</u> |

        Plaintiffs have filed an application for a temporary restraining order requesting that the court enjoin defendant Onewest Bank, FSB from selling their home at a trustee's sale, currently scheduled to occur on April 9, 2010.  Plaintiffs, however, have not shown they are entitled to have their unnoticed TRO application considered.

        Federal Rule of Civil Procedure 65(b)(1) prescribes:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will

1                      result to the movant before the adverse party can be heard in opposition; and

2          (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Further, Local Rule 231(a) prescribes the type of notice the moving party is required to provide the adverse party:

> Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice. Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief requested. Once a specific time and location has been set by the Court, the moving party shall promptly give additional notice of the time and location of the hearing.

E.D. Cal. R. 231(a).

Since Plaintiffs have failed to comply with the notice requirements in Federal Rule of Civil Procedure 65(b)(1) and Local Rule 231(a), Plaintiffs' TRO application is denied.

Dated: April 5, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge