IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

PHILLIP AND VICTORIA VILLARREAL,  )
                                  )
              Plaintiffs,         )   2:10-cv-00781-GEB-KJM
                                  )
     v.                           )   ORDER GRANTING IN PART
                                  )   PLAINTIFFS' APPLICATION FOR A
ONEWEST BANK, FSB, REGIONAL       )   TEMPORARY RESTRAINING ORDER
SERVICES TRUSTEE CORPORATION, and )
DOES 1-50, Inclusive,             )
                                  )
              Defendants.         )
_____)

Plaintiffs re-filed an application for a temporary restraining order ("TRO") on April 5, 2010, which was previously filed on April 2, 2010 and denied since it failed to comply with the notice requirements in Federal Rule of Civil Procedure 65(b)(1) and Local Rule 231(a). Plaintiffs' second TRO application is identical to their initial application, except that Plaintiffs' represent they have complied with the above referenced notice requirements. Following receipt of Plaintiffs' second TRO application, the Court scheduled a hearing on Plaintiffs' application for a TRO and provided Defendants with an opportunity to file an opposition before the scheduled hearing. Plaintiffs' TRO application was heard on April 7, 2010, commencing at 1:30 p.m.; Defendants did not appear at the hearing and did not file an opposition to Plaintiffs' TRO application. Plaintiffs seek to enjoin the imminent sale of their home at a trustee's sale,

1  currently scheduled to occur on April 9, 2010.  For the reasons stated
2  below, Plaintiffs' TRO application is GRANTED IN PART.

### I.  LEGAL STANDARD

"Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction." Bouyer v. IndyMac Fed. Bank, No. C-08-05582 EDL, 2009 WL 1765668, at *1 (N.D. Cal. June 18, 2009).  Therefore, a plaintiff seeking a TRO must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that a[] [TRO] is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008)).

### II.  BACKGROUND

Plaintiffs' complaint and TRO application do not contain factual allegations that provide a clear picture of the events giving rise to Plaintiffs' claims.[1]  The below stated background reflects what the court deciphers from Plaintiffs' filings.

Plaintiffs purchased the real property located at 9274 Marlemont Circle in Elk Grove, California using funds acquired through a loan from Defendants."  (Compl. 3:25-28.)[2]  Plaintiffs allege "when

---

[1]  Plaintiffs' complaint and TRO application are also replete with grammatical errors that cause confusion, including numerous references to Plaintiffs as Plaintiff as well as alternatively referring to Plaintiffs as "she" and "he," sometimes in the same sentence.

[2]  Plaintiffs' complaint does not identify the specific property that was purchased with the proceeds from their loan; however, it is inferred from their TRO application that the property at issue is
(continued...)

2

the loan was consummated," Defendants violated the federal Truth In Lending Act ("TILA") by failing to provide "the Truth in Lending Disclosure Statement . . . and the required number of copies of the Notice of Right to Cancel." (Id. 5:14-20.)

Plaintiffs further allege that "[o]n or about December 26, 2009, Defendants served a Notice of Default on Plaintiffs." (Id. 5:19-20.) Plaintiffs also allege that a Notice of Trustee's Sale was sent to Plaintiffs on March 22, 2010 which states that defendant Regional Trustee Services Corporation intends to sell Plaintiffs' property at a trustee's sale scheduled to occur on April 9, 2010, at 9:30 a.m. (Id. 5:19-24; TRO Application Ex. B.) Plaintiffs allege under a claim labeled "Breach of Statutory Duties," Defendants violated provisions of the California Civil Code by "not giving proper notice of the [April 9, 2010 trustee's] sale." (Compl. 11:7-9.)

### III. DISCUSSION

#### A. Likelihood of Success on the Merits

Plaintiffs argue they are entitled to a TRO enjoining the trustee's sale because they have a right to rescind their loan under TILA and Defendants have provided them with "defective notices" of the trustee's sale, in violation of various provisions of the California Civil Code.

///

---

[2](...continued)
located at 9274 Marlemont Circle in Elk Grove, California. Plaintiffs also do not allege when they entered into the loan. From the Notice of Default and Notice of Trustee's Sale that are attached to Plaintiffs' TRO application, it appears that Plaintiffs executed the deed of trust securing their loan on January 17, 2007. (TRO Application, Exs. A, B.) At the hearing, Plaintiffs' counsel confirmed that Plaintiffs' loan was consummated in January 2007.

**1.   Right to Rescind Under TILA**

Plaintiffs argue they did not receive either the "preliminary disclosures" or two accurately dated notices of the right to cancel in violation of TILA's requirements, and as a result, they have "the right to rescind [their] loan." (TRO Application 4:22-5:9.)

Plaintiffs' complaint, however, does not seek to rescind their loan; rather, Plaintiffs only allege that they are entitled to "damages" as a result of Defendants' alleged violations of TILA. Further, since Plaintiffs allege they "purchased [their] property . . . using funds acquired through a loan from Defendants," TILA's rescission remedy is not applicable to their loan transaction.[3] (Compl. 3:25-28); see also 15 U.S.C. § 1635(e)(1) (providing that the right of rescission does not apply to residential mortgage transactions); 15 U.S.C. § 1602(w) (defining "residential mortgage transaction" as one in which a "security interest is created or retained against the consumer's dwelling to finance the acquisition . . . of such dwelling."); Saldate v. Wilshire Credit Corp., --- F.R.D. ----, No. CV F 09-2089 LJO SMS, 2010 WL 582069, at *5 (E.D. Cal. Feb. 12, 2010) (stating "[t]here is no statutory right of rescission where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides"). Lastly, at the hearing, Plaintiffs' counsel stated that Plaintiffs consummated their loan transaction in January 2007. This concession indicates that any TILA rescission claim would be barred by the three-year limitations period in 15 U.S.C. 1635(f). See Miguel v.

---

[3]  At the hearing, Plaintiffs' counsel confirmed that the proceeds of the loan at issue were used to purchase Plaintiffs' property.

4

Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (stating that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside of the three-year limitation period."). Therefore, Plaintiffs have no likelihood of succeeding on a TILA rescission claim.

**2. "Defective Notices" Claim**

Plaintiffs also argue the "sale is invalid" because Defendants have failed to comply with certain sections of the California Civil Code which regulate non-judicial foreclosures. First, Plaintiffs argue the Notice of Trustee's Sale was provided prematurely in violation of California Civil Code section 2924(a)(2); and second, Defendants violated California Civil Code sections 2924(a) and 2924f by failing to sign the Notice of Trustee's Sale, and posting it on their home only eighteen days before the trustee's sale is scheduled to occur.

"[T]he power of sale exercised by the trustee on behalf of the lender/creditor in nonjudicial foreclosures is a right authorized solely by the contract between the lender and trustor as embodied in the deed of trust." Garfinkle v. Superior Court, 21 Cal. 3d 268, 277 (1978) (citations omitted). However, the California legislature has established "certain minimum standards for conducting nonjudicial foreclosures . . . ." Id. at 278. California Civil Code sections 2924 through 2924k "provide a comprehensive [statutory] framework for the regulation of a nonjudicial foreclosure pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). The Moeller court described the statutory scheme as follows:

>     Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale. The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee. After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale. After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale. The trustee may postpone the sale at any time before the sale is completed. If the sale is postponed, the requisite notices must be given.

Id. (citations omitted).

Plaintiffs argue the Notice of Trustee's Sale is defective because it was provided prematurely. Specifically, Plaintiffs argue that since the Notice of Default was not served on Plaintiffs until December 26, 2009, Defendants could not post or otherwise provide the Notice of Trustee's Sale until March 26, 2009. (TRO Application 6:3-7.)

California Civil Code section 2924(a)(2), however, only requires that the trustee wait three months from the "filing" of the notice of default before proceeding with the foreclosure and providing the notice of sale. The three month period commences when the notice of default is recorded not when it is served on the trustor. See Knapp v. Doherty, 123 Cal. App. 4th 76, 91 (2004) (stating "after the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale" (quotations and citations omitted)).

Plaintiffs attached to their TRO application the Notice of Default, which is dated December 17, 2009 and was recorded on December 18, 2009. (TRO Application Ex. A.) Under California Civil Code section 2924(a)(2), Defendants were required to wait three months - until March 18, 2010 - before proceeding. Plaintiff Victoria

6

1  Villarreal declares that the Notice of Trustee's Sale, while dated
2  March 19, 2010, was not posted on her property until March 22, 2010.
3  (Villarreal Decl. ¶ 10.)  Since this declaration establishes that
4  Defendants waited three months from the recording of the Notice of
5  Default before proceeding, Plaintiffs have not demonstrated that the
6  Notice of Trustee's Sale was provided prematurely in violation of
7  California Civil Code section 2924(a)(2).

8  Plaintiffs also argue that the Notice of Trustee's Sale is
9  defective because it is not signed.  Plaintiffs, however, have pointed
10 to no provision of the California Civil Code that requires that the
11 notice of sale be signed.  Neither California Civil Code section 2924f
12 nor California Government Code section 6043, which govern the contents
13 of the notice of sale, contain a signature requirement.  Therefore,
14 Plaintiffs have not shown that the lack of a signature on the Notice
15 of Trustee's Sale renders it defective. See Banc of Am. Leasing &
16 Capital, LLC v. 3 Arch Trustee Servs., Inc., 180 Cal. App. 4th 1090,
17 1097 (2009) (stating that "[i]t is well settled [that] the trustee's
18 duties regarding the notice of default and sale are strictly defined
19 and limited to what is described in the statutory scheme." (citations
20 omitted)).

21 Lastly, Plaintiffs argue the Notice of Trustee's Sale is
22 defective because it was not posted on their property until March 22,
23 2010, only eighteen days before the trustee's sale scheduled for April
24 9, 2010.  California Civil Code section 2924(a) prescribes that the
25 trustee does not have authority to exercise the "power of sale" under
26 a deed of trust until certain requirements are satisfied.  Cal. Civ.
27 Code § 2924(a) (stating that "the power [of sale] shall not be
28 exercised . . . [by the trustee] until all of the following apply

7

. . . ."). One such requirement that must be satisfied before the trustee acquires the authority to sell, is that "after the lapse of the three month[] [period prescribed in section 2924(a)(2),] . . . [the] trustee . . . shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that set forth in Section 2924f." Cal. Civ. Code § 2924(a)(3). California Civil Code section 2924f(b)(1) requires that "[a] copy of the notice of sale . . . be posted in a conspicuous place on the property to be sold at least 20 days before the date of sale . . . . If the property is a single-family residence the posting shall be on a door of the residence . . . ."

      Plaintiff Victoria Villarreal declares a Notice of Trustee's Sale "dated March 19, 2010, was not posted on [her] door until March 22, 2010." (Villarreal Decl. ¶ 10.) According to this averment, the Notice of Trustee's Sale was posted on Plaintiffs' property only eighteen days before the sale and, therefore, the trustee lacks statutory authority to sell Plaintiffs' property at the sale currently scheduled to occur on April 9, 2010. Plaintiffs, therefore, have sufficiently shown they are likely to succeed on their claim that on April 9, 2010, the trustee will lack statutory authority under California law to sell their property.

      While Plaintiffs appear to request that the trustee's sale be enjoined, at a minimum, for the pendency of this lawsuit, they have alleged no defect in the foreclosure process that would entitle them to such relief. Plaintiffs have only demonstrated the trustee lacks the authority to proceed with the sale currently scheduled for April 9, 2010. See Gonzalez v. Wells Fargo Bank, No. C 09-02444 MHP, 2009 WL 3572118, at *6 (N.D. Cal. Oct. 30, 2009) (stating that "[f]ailure

1  to comply with [the notice requirements in California Civil Code
2  section 2924(a)] would require [a] court to set aside the non-
3  conforming portion of the foreclosure proceedings and force defendants
4  to provide [plaintiffs] with proper notice."); see also Miller & Starr
5  California Real Estate 3D, MILCALRE § 10:199 (stating "if the notices
6  are given for a date of sale within the 20-day period, it is not
7  necessary to start the proceedings over again . . . [T]he sale can be
8  postponed to a date that is beyond the required 20-day period.").

### B.  Irreparable Harm

10         Plaintiffs argue they will suffer irreparable harm absent
11 the issuance of a TRO since "VILLARREAL will lose her home," "[s]he
12 will have nowhere to else to live" and "she may be forced to live on
13 the street or live in her car with her family and children."  (TRO
14 Application 6:17-21.)  "Clearly, loss of a home is a serious injury."
15 Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1301 (E.D.
16 Cal. 2009).  "However, whether a particular foreclosure constitutes
17 irreparable harm turns in part on the reasons for foreclosure."
18 Mandrigues v. World Sav., Inc., No. C 07-4497 JF (RS), 2009 WL 160213,
19 at *3 (N.D. Cal. Jan. 20, 2009) (citing Parker v. United States Dep't
20 of Agric., 879 F.2d 1362, 1367-68 (6th Cir. 1989)).

21         Here, Plaintiffs have not explained the circumstances that
22 led to their present predicament.  They do not state the amount of
23 money borrowed, when they defaulted on their obligations or what
24 circumstances led to their default.  Although they have shown
25 entitlement to enjoin the sale scheduled for April 9, 2010, they have
26 not otherwise supported their position that the loss of their home
27 constitutes irreparable home.
28 //

### C. The Balance of Equities and the Public Interest

It is evident that the balance of equities and the public interest favor the issuance of a TRO that upholds the procedural requirements applicable to non-judicial foreclosures. However, these factors have been shown to tip in Plaintiffs' favor only to the extent that the trustee seeks to sell Plaintiffs' property without authority under California Civil Code section 2924(a) due to the failure to comply with California Civil Code section 2924f(b)(1).

### IV. CONCLUSION

For the stated reasons, Plaintiffs' TRO application seeking to enjoin the sale of their home at the trustee's sale currently scheduled to occur on April 9, 2010 is GRANTED IN PART. However, Defendants are only enjoined from conducting the sale until the expiration of the twenty day period imposed by California Civil Code sections 2924(a)(3) and 2924f(b)(1); after this date, the TRO shall dissolve.

Dated: April 8, 2010

GARLAND E. BURRELL, JR.
United States District Judge